**COLUMBUS GREEN CAB CO v MILLER**
**COLUMBUS GREEN CAB CO v NELSON**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2599 & 2600. Decided Nov 27, 1935

Knepper, White, Smith & Dempsey, Columbus, for plaintiff in error.

August W. Weber, Columbus, for defendant in error.

## OPINION

### By THE COURT

Counsel for plaintiffs in error insist that our former decision revolutionizes the law applicable to actions in which a plaintiff seeks to recover for injuries sustained by the negligent operation of an automobile by some one other than the owner. It is further insisted that our decision is in conflict with that of the Court of Appeals of the Seventh District in the unreported case of Prior Products, Inc. v John A. Cun-

ningham. We have considered this authority together with others cited by counsel for the plaintiff in error in support of its application for rehearing. Our examination of these authorities, however, does not lead us to the conclusion that our former decision is a departure from the law of Ohio or that it is in conflict with the case decided by the Court of Appeals of the Seventh District. We agree that an inference may not be based upon an inference as held by the Supreme Court in the case of Sobolovitz v The Lubric Oil Co., 107 Oh St, 204. We do not believe that our decision violates this rule of law. The evidence in this case discloses that the defendants in error were fare passengers in a taxicab owned by the plaintiff in error when an accident happened whereby they were severally injured. In common usage a taxicab includes any motor propelled vehicle which the owner holds out to the public for hire. Therefore, when the plaintiff in error admitted in its answer that it was the owner of a taxicab in which the defendants in error were passengers, it necessarily admitted that it was the owner of a motor propelled vehicle which was held out to the public for hire. The evidence disclosed that shortly prior to the accident the defendants in error walked south possibly 40 or 50 feet and got into the first cab which came along, which was the cab in which they were passengers when they were injured. The evidence further discloses that they were accepted as fare passengers by the operator of that cab which was owned by the plaintiff in error. It seems to us that this is evidence of an affirmative character to the effect that the operator of that taxicab at the time and place in question was operating it in the service of his master and within the scope of his employment. In other words, in accepting the defendants in error as fare passengers, with no questions being asked, the operator of the taxicab in question was transacting business for which his taxicab was particularly adapted and a business in which taxicabs generally are engaged. We take this to be a proven fact. The only inference which is necessary to be drawn from any of the testimony is, that at the time and place in question the operator of the taxicab was an employe or a servant of the plaintiff in error. It is our view that such an inference may reasonably be drawn from the fact that the plaintiff in error admits that it was the owner of the taxicab, and the evidence shows that the defendants in error were passengers therein, and that the taxicab was being used in the transporta-

tion of passengers for hire. The only question, of course, for the court to finally determine is whether or not a prima facie case was made in the court below against the plaintiff in error. It is our view that such a case was made and that a presumption arose from the evidence that the cab was being operated by an agent of the plaintiff in error. There was sufficient evidence aside from any presumption or inference to indicate that the cab was being operated as a taxicab and that the person who was operating it was engaged in hauling fare passengers. We adhere to our former decision.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.